IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | * * * | |
| This Document relates to: *Sun Microsystems, Inc. v. Microsoft Corp.,* | * * | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |
| Civil Action No. JFM-02-2739 | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**SUN MICROSYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS MICROSOFT CORPORATION'S FOURTH COUNTERCLAIM AND <u>TO STRIKE A PORTION OF MICROSOFT'S DAMAGES DEMAND</u>**

22919

TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..........................................................................................................1

II. MICROSOFT'S UNFAIR COMPETITION COUNTERCLAIM AND SUPPORTING ALLEGATIONS ..........................................................................................................2

III. MICROSOFT DOES NOT STATE A CLAIM UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 FOR WHICH RELIEF CAN BE GRANTED ........................4

    A. Standard for Dismissing a Claim ..............................................................4

    B. Microsoft's Unfair Competition Counterclaim Fails to Adequately State a Claim for Relief ..............................................................4

        1. Microsoft has not adequately pled that Sun violated § 17200 by engaging in any "unlawful, unfair or fraudulent business act or practice" ..........................5

            a. Microsoft has not adequately pled that Sun committed any "unlawful" acts ..............................................................5

            b. Microsoft has not adequately pled that Sun committed "fraudulent" acts ..............................................................6

            c. Microsoft has not adequately pled that Sun committed "unfair" acts ..............................................................6

        2. Microsoft has not adequately pled that Sun violated § 17200 by engaging in "unfair, deceptive, untrue or misleading advertising." ..................11

IV. MICROSOFT'S REQUEST FOR DAMAGES FOR ITS FOURTH COUNTERCLAIM SHOULD BE STRICKEN ..........................................................................................11

TABLE OF AUTHORITIES

PAGE

**Cases**

*Anheuser-Busch, Inc. v. Schmoke,*
  63 F.3d 1305 (4th Cir. 1995) .................................................................................... 3

*Apex Hosiery Co. v. Leader,*
  310 U.S. 469 (1940)..................................................................................................... 9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
  20 Cal. 4th 163 (Cal. 1999)................................................................................ passim

*Churchill Village L.L.C. v. General Elec. Co.,*
  169 F. Supp. 2d 1119 (N.D. Cal. 2000) ..................................................................... 6

*Conley v. Gibson,*
  355 U.S. 41 (1957)....................................................................................................... 4

*Corwin v. Los Angeles Newspaper Service Bureau, Inc.,*
  4 Cal. 3d 842  (Cal. 1971)........................................................................................... 8

*Gregory v. Albertson's Inc.,*
  104 Cal. App. 4th 845 (Cal. Ct. App. 2002). .................................................. 5, 6, 10

*Jenkins v. McKeithen,*
  395 U.S. 411 (1969)..................................................................................................... 4

*Kates v. Crocker Nat'l Bank,*
  776 F.2d 1396 (9th Cir. 1985) ................................................................................. 12

*Khoury v. Maly's of California, Inc.,*
  14 Cal. App. 4th 612 (Cal. Ct. App. 1993). ............................................................... 5

*In re Microsoft Corp. Antitrust Litig.,*
  237 F. Supp. 2d 639 (D. Md. 2002)........................................................................... 1

*Migdal v. Rowe Price-Fleming Int'l,*
  248 F.3d 321 (4th Cir. 2001). .................................................................................... 4

*Northern Pacific Ry Co. v. United States,*
  356 U.S. 1 (1958)......................................................................................................... 9

# TABLE OF AUTHORITIES (CON'T)

PAGE

*Oakland-Alameda County Builders' Exch. v. F.P. Lathrop Constr. Co.*,
 4 Cal. 3d 354 (Cal. 1971) .................................................................................................. 8

*People v. Fremont Life Ins. Co.*,
 104 Cal. App. 4th 508 (Cal. Ct. App. 2002) ........................................................................ 8

*People v. McKale*,
 602 P.2d 731, 25 Cal.3d, 626 (Cal. 1979)) ......................................................................... 6

*People v. National Ass'n of Realtors*,
 120 Cal.App.3d 459 (Cal. Ct. App. 1981) .......................................................................... 8

*Republican Party of North Carolina v. Martin*,
 980 F.2d 943 (4th Cir. 1992). ............................................................................................. 4

*Rubin v. Green*,
 4 Cal. 4th 1187 (1993). ....................................................................................................... 7

*Suburban Mobile Homes, Inc. v. AMFAC Communities, Inc.*,
 101 Cal. App. 3d 532 (Cal. Ct. App. 1980) ........................................................................ 8

*Sun Microsystems, Inc. v. Microsoft Corp.*,
 87 F. Supp. 2d 992 (N.D. Cal 2000) ............................................................................. 7, 11

*Townsend v. Rockwell Int'l*,
 2000 WL 433505 (N.D. Cal. 2000). ................................................................................. 10

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
 178 F. Supp. 2d 1099 (C.D. Cal. 2001) .......................................................................... 6, 8

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................................ passim

Cal. Bus. & Prof. Code § 17203 ................................................................................................. 12

Federal Rule of Civil Procedure 12(b)(6) .................................................................................... 4

I.  **INTRODUCTION**

Along with its answer to Sun's complaint, Microsoft has counterclaimed that Sun engaged in acts of unfair competition in violation of California Business & Professions Code § 17200. The sole bases for Microsoft's counterclaim are its allegations that Sun filed a complaint for copyright infringement against Microsoft, sent letters notifying Microsoft that its Java virtual machine distribution exceeded the scope of its licenses under the January 2001 Settlement Agreement, and ultimately sent a notice of termination of certain Microsoft licenses under that agreement. In its counterclaim, Microsoft alleges that it was not acting outside the scope of its licenses, even though this Court had already reached a contrary conclusion in the context of Sun's preliminary injunction motion.[1] Based on that premise, Microsoft alleges that Sun wrongfully sent the notices of default and termination with intent to cause Microsoft competitive injury.

But even if Microsoft's factual allegations are assumed to be true, Microsoft has failed to plead acts sufficient to constitute a violation of California Business & Professions Code § 17200 – " unlawful, unfair or fraudulent " business acts or " unfair, deceptive, untrue or misleading advertising. " In particular, Microsoft has failed to allege facts sufficient to meet the requirements for a competitor challenging a business act as " unfair" under § 17200 as set forth in the California Supreme Court's seminal decision in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*[2] Under *Cel-Tech*, Microsoft must do more than simply allege an act is " unfair. " It must plead with reasonable particularity that it suffered injury from conduct that threatens an incipient violation of antitrust law,

---

[1] *See In re Microsoft Corp. Antitrust Litig.*, 237 F. Supp. 2d 639, 663-64 (D. Md. 2002) ("I find that Microsoft does not have the right under the settlement agreement to take any of the actions about which Sun complains.").

[2] 20 Cal. 4th 163 (Cal. 1999).

violates the policy or spirit of one of those laws, or otherwise significantly threatens or harms competition.[3]

Microsoft's allegations fall woefully short of stating a claim for unfair competition under California law.  Sun's notification of default to Microsoft and its termination of Microsoft's licenses under the Settlement Agreement do not, by themselves, constitute acts of unfair competition.  Microsoft does not allege any facts that would establish Sun's acts were " unlawful" or " fraudulent" business acts or constituted  " false advertising" as those terms are used in § 17200.  While Microsoft does make conclusory allegations that Sun's acts were "unfair" and that Sun intended to cause competitive injury to Microsoft, Microsoft fails to allege any specific facts that would satisfy the requirements of *Cel-Tech*.  Microsoft has not alleged any facts that would give rise to an incipient antitrust violation, a violation of the policy or spirit of the antitrust laws, or a significant harm to competition.

Because Microsoft has failed to state a claim for which relief can be granted under California Business & Professions Code § 17200, Microsoft's unfair competition counterclaim should be dismissed.  Moreover, Microsoft's request for damages based on Sun's alleged acts of unfair competition should be stricken because money damages are not available for such a claim under California law.

## II.     MICROSOFT'S UNFAIR COMPETITION COUNTERCLAIM AND SUPPORTING ALLEGATIONS

On February 21, 2003, Microsoft filed its Answer, Affirmative Defenses and Counterclaims in which it alleged, among other things, that Sun engaged in acts of unfair competition under California law.  Specifically, Microsoft asserts that "Microsoft and Sun are competitors in the operating systems and software development tools markets"; Sun's actions "constitute unfair competition in violation of

---

[3] *See Cel-Tech Communications*, 20 Cal. 4th at 187.

2

California's Business and Professions Code § 17200 *et seq*"; and that Sun's actions "were undertaken willfully and deliberately with an intent to cause competitive injury to Microsoft and to aid Microsoft's competitors."[4]

In its pleading, the only specific actions by Sun that Microsoft identifies are: 1) Sun filed its original complaint alleging Microsoft's distribution of the Microsoft Virtual Machine for Java ("MSJVM") infringed Sun's copyrights because it was not authorized by the Settlement Agreement;[5] 2) Sun sent two letters on April 11 and May 21, 2002 accusing Microsoft of exceeding the scope of its licenses under the Settlement Agreement and demanding that Microsoft cease its distribution and cure its defaults;[6] and 3) Sun sent a January 8, 2003 notice of termination of Microsoft's licenses alleging Microsoft had failed to cure its unlicensed distribution.[8]

Microsoft asserts that Sun "wrongfully" sent those letters because Microsoft did not exceed the scope of its licenses even though it distributed the MSJVM via Internet download, on a separate CD to OEMs, and with Service Pack 1 for Windows XP.[9] In addition, Sun also allegedly acted "wrongfully" because it rejected Microsoft's "proposed efforts" to address Sun's concerns.[10]

In response to Sun's notice of termination, Microsoft asserts that it sent Sun a letter on February 7, 2003 that "rejected that purported termination."[11]

---

[4] Microsoft ("MS") Counterclaim ¶¶ 31-33.
[5] MS Counterclaim ¶ 10.
[6] MS Counterclaim ¶¶ 12, 14 & Exs. B, D.
[8] MS Counterclaim ¶ 16 & Ex. F.
[9] MS Counterclaim ¶¶ 8, 9, 17, 20.
[10] MS Counterclaim ¶¶ 12-15, 20.
[11] MS Counterclaim ¶ 16, Ex. G.

### III. MICROSOFT DOES NOT STATE A CLAIM UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 FOR WHICH RELIEF CAN BE GRANTED

#### A. STANDARD FOR DISMISSING A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim is appropriate where "it appears beyond doubt that the claimant can prove no set of facts in support of his claim which would entitle him to relief."[12] Although the pleading requirements are very liberal and do not require a claimant to set out in detail all the facts upon which he bases his claim, conclusory allegations, the mere recitation of statutory language, or the presence of a few conclusory legal terms do not insulate a complaint from dismissal when the facts alleged cannot support the allegations.[13] To adequately plead a claim, a claimant must state a factual basis for believing that a legal violation has occurred.[14] In assessing whether a motion to dismiss should be granted, the allegations of the complaint are treated as true.[15]

#### B. MICROSOFT'S UNFAIR COMPETITION COUNTERCLAIM FAILS TO ADEQUATELY STATE A CLAIM FOR RELIEF

In its pleading, Microsoft states its claim for violation of California's unfair competition law as follows: "Sun's actions, described herein, constitute unfair competition in violation of California's Business and Professions Code § 17200 et seq."[16]

Section 17200 prohibits certain types of business practices and certain types of advertising:

---

[12] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 325 (4th Cir. 2001).

[13] *See Migdal*, 248 F.3d at 325-27.

[14] *See id.* at 327.

[15] *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

[16] MS Counterclaim ¶ 32.

> As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.[17]

A plaintiff alleging unfair business practices under § 17200 must state with reasonable particularity the facts supporting the statutory elements of the violation.[18] Because Microsoft has not alleged any facts to support that Sun engaged in any of the types of business acts or advertising prohibited by § 17200, it has failed to properly state a claim under § 17200.

      **1.     Microsoft has not adequately pled that Sun violated § 17200 by engaging in any "unlawful, unfair or fraudulent business act or practice"**

There are three separate types of business acts or practices that are prohibited by § 17200 – those that are "unlawful," "unfair," or "fraudulent."[19] Each of the three prongs has a separate line of authority construing it.[20] Microsoft fails to state a claim under any of the three prongs.

      **a.     Microsoft has not adequately pled that Sun committed any "unlawful" acts**

By proscribing "unlawful" business practices, § 17200 "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."[21] To state a claim under the "unlawful" provision of § 17200, Microsoft would have to allege that Sun committed an act forbidden by another law, be it civil or criminal, federal, state, or municipal, statutory,

---

[17] Cal. Bus. & Prof. Code § 17200.

[18] *See Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993).

[19] *See Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 850 (Cal. Ct. App. 2002).

[20] *Id.*

[21] *Cel-Tech Communications*, 20 Cal. 4th at 180 (internal quotations omitted).

regulatory, or court made.[22]  Microsoft's unfair competition counterclaim, however, contains no specific allegation that Sun violated any law or regulation other than § 17200 itself.  Thus, Microsoft has failed to state a claim under the "unlawful" business practice prong of § 17200.

### b. Microsoft has not adequately pled that Sun committed "fraudulent" acts

In order to properly plead a claim under the "fraudulent" prong of § 17200, Microsoft must assert that "members of the public are likely to be deceived" by Sun's conduct.[23]  Microsoft has not made any allegation that the public was deceived by Sun sending notices of default and license termination to Microsoft.  Thus, it has failed to state a claim under the "fraud" prong.

Even if the "fraud" prong of the § 17200 allowed Microsoft to rely on the fact that it, rather than the public, had been deceived by Sun's acts, Microsoft has not alleged that it was deceived or likely to be deceived by Sun's acts.  Construing the pleadings in the light most favorable to Microsoft, Sun wrongly accused Microsoft of exceeding the scope of its licenses and wrongly purported to terminate Microsoft's licenses.  In response, Microsoft sent letters denying that it exceeded the scope of the licenses and expressly rejecting Sun's termination.  Thus, even if Sun's actions could be construed as actions meant to deceive Microsoft, Microsoft has pled it was not in fact deceived by those actions.

Therefore, Microsoft has failed to state a claim under the "fraudulent" business practices prong of § 17200.

### c. Microsoft has not adequately pled that Sun committed "unfair" acts

---

[22] *See Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1120 (C.D. Cal. 2001) (citing *People v. McKale*, 25 Cal. 3d 626, 632 (Cal. 1979)); *see also Gregory,* 104 Cal. App. 4th at 851.

[23] *See Churchill Village, L.L.C. v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1131 (N.D. Cal. 2000); *see also Watson Labs.,* 178 F. Supp. 2d at 1121.

6

For years, California courts struggled to define what constituted an "unfair" business practice.[24] Concerned that prior definitions were "too amorphous and provide too little guidance to courts and businesses," the California Supreme Court in *Cel-Tech* court sought to "provide a more precise test for defining what is unfair under the unfair competition law."[25] Since California's unfair competition statute originated as one of the so-called "little FTC Acts" of the 1930's enacted by many states in the wake of amendments to the Federal Trade Commission Act enlarging the commission's regulatory jurisdiction to include unfair business practices, the *Cel-Tech* court turned to jurisprudence arising under "parallel" provisions in section 5 of the Federal Trade Commission Act for guidance.[26] Noting that the unfairness to competitors inquiry under § 17200 must be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition, the California Supreme Court announced the following test:

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practices invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.[27]

This three-prong test is applied when a competitor claims that it has been harmed by

---

[24] *See Cel-Tech Communications*, 20 Cal. 4th at 184-85.

[25] *See id.* at 185; *See also Sun Microsystems, Inc. v. Microsoft Corp.*, 87 F. Supp. 2d 992, 998-99 (N.D. Cal. 2000).

[26] *See Cel-Tech Communications*, 20 Cal. 4th at 185-86; *Sun Microsystems* 87 F. Supp. 2d at 999-1000; *see also Rubin v. Green*, 4 Cal. 4th 1187, 1200 (1993).

[27] *See Cel-Tech Communications*, 20 Cal. 4th at 186-87.

anticompetitive conduct.[28] Since Microsoft has expressly alleged that Sun took actions to cause competitive injury against a competitor,[29] Microsoft's claim for "unfair" competition must be subjected to the *Cel-Tech* test.

Under the first prong of the *Cel-Tech* test, Microsoft must allege an "incipient" violation of an antitrust law, such as the Sherman or Clayton Acts, to properly state a claim.[30] Examples of violations of those Acts include acts such as monopolizing or attempting to monopolize a market through exclusionary practices, illegal tying arrangements, price fixing, or entering into agreements with competitors to restrain trade.[31]

Microsoft has not alleged facts sufficient to give rise to a claim of an incipient antitrust violation by Sun. While Microsoft identifies two markets in which Microsoft and Sun allegedly compete – operating systems and software development tools, Microsoft does not allege that Sun has market power in those markets, nor does it allege that there is any threat of Sun achieving market power in those markets in the future. Even if all Microsoft's well-pleaded facts are treated as true, Sun's acts of sending notices of default and license termination to Microsoft, even if done wrongfully, do not rise to the level

---

[28] *See id.* at 187, n.12; *c.f. People v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515-16 (Cal. Ct. App. 2002) (while definition for "unfair" in the context of a competitor action has been announced, one has not been clearly established for suits involving consumers).

[29] MS Counterclaim ¶ 33.

[30] *See Watson Labs.*, 178 F. Supp. 2d at 1118-1119; *See also Sun Microsystems, Inc. v. Microsoft Corp.*, 87 F. Supp. 2d at 1000.

[31] *See e.g., People v. National Ass'n of Realtors*, 120 Cal.App.3d 459, 473-75 (Cal. Ct. App. 1981) (tying arrangements are actionable under § 17200); *see also Suburban Mobile Homes, Inc. v. AMFAC Communities, Inc.*, 101 Cal. App. 3d 532, 541-42 (Cal. Ct. App. 1980) (noting that price fixing and tying arrangements are among the practices courts have deemed unlawful, unreasonable restraints of trade); *Corwin v. Los Angeles Newspaper Service Bureau, Inc.*, 4 Cal. 3d 842, 853 (Cal. 1971) (price fixing, division of markets, group boycotts, and tying arrangements are unlawful actions); *Oakland-Alameda County Builders' Exch. v. F.P. Lathrop Constr. Co.*, 4 Cal. 3d 354, 363 (Cal. 1971) ("Under both California and federal law, agreements fixing or tampering with prices are illegal per se.").

of an incipient antitrust violation. Microsoft does not allege that Sun is illegally monopolizing or attempting to monopolize either of the markets in which Microsoft and Sun allegedly compete. Microsoft has not alleged that Sun has unlawfully tied any of its products, fixed any prices, or entered any relationships with Microsoft's competitors for the purpose of restraining trade. Microsoft simply has not alleged the required elements for an actual or incipient antitrust violation.

Microsoft has similarly failed to plead that Sun violates the second prong of the *Cel-Tech* test: "violat[ing] the policy or spirit of one of [the antitrust] laws." As explained by the Supreme Court, the fundamental policy behind the antitrust laws is to enhance consumer welfare by preserving open competition.[32] The California unfair competition law, like federal antitrust law, is meant to preserve competition.[33] For the same reasons that it fails to meet the first prong of *Cel-Tech*, Microsoft also fails to meet the second prong. Treating Microsoft's well-pleaded facts as true, Microsoft has not alleged facts sufficient to establish that Sun's acts have violated the policy or spirit of any of the antitrust laws. Instead, Microsoft has done little more than plead facts establishing a dispute between the parties regarding the scope of Microsoft's license under the Settlement Agreement. It has not alleged any specific facts that would establish that Sun's acts have had an adverse effect on competition.

The third prong of *Cel-Tech* requires a pleading that Sun's actions "otherwise significantly threaten[ ] or harm[ ] competition." Microsoft's only allegation regarding harm to competition is the conclusory assertion that Sun's actions of sending letters to Microsoft "were undertaken willfully and deliberately with an intent to cause competitive injury to Microsoft and to aid Microsoft's

---

[32] *See Northern Pacific Ry. Co. v. United States*, 356 U.S. 1, 4 (1958); *Apex Hosiery Co. v. Leader,* 310 U.S. 469, 493 (1940).

[33] *See Cel-Tech Communications,* 20 Cal. 4th at 180.

9

competitors."[34]

Microsoft's allegations fail to state a claim under the third prong of *Cel-Tech*. First, the vague and conclusory allegation that Sun intended to cause " competitive injury to Microsoft" is insufficient by itself to state a claim for relief for unfair competition.[35] Microsoft must plead specific facts that would support a finding of harm to competition. Second, Microsoft does not allege that Sun "significantly" threatened or harmed competition as required by *Cel-Tech*.[36] Even if Microsoft were harmed by Sun's acts, Microsoft has not pled facts sufficient to establish that **competition** was actually restrained or diminished.

In fact, Microsoft's own pleading establishes on its face that competition has not been threatened or harmed by Sun's acts. Microsoft claims that Sun wrongfully sent notices of default and termination to Microsoft even though Sun allegedly knew that Microsoft had not exceeded the scope of its licenses. But as Microsoft itself admits in its pleading, it considers the licenses to remain in effect, and it has "rejected" Sun's purported termination.[37] If Microsoft's allegations are taken as true, then Microsoft is in fact licensed to distribute the MSJVM. Competition is not threatened in any conceivable way if Microsoft is still licensed to distribute the MSJVM and insists its license rights remain in force. On the other hand, if, as Sun contends, Microsoft's distribution was unlicensed and not timely cured, it certainly cannot be an act of unfair competition for Sun merely to notify Microsoft of its default and exercise its contractual right of termination.

---

[34] MS Counterclaim ¶ 33.

[35] *See Gregory*, 104 Cal. App. 4th at 856.

[36] *See Cel-Tech Communications,* 20 Cal. 4th at 187; *see also Townsend v. Rockwell Int'l,* 2000 WL 433505, *15 (N.D. Cal. 2000).

[37] MS Counterclaims ¶ 16.

10

Microsoft therefore has not adequately pled that Sun engaged in an unlawful, fraudulent, or unfair business practice under § 17200.

### 2. Microsoft has not adequately pled that Sun violated § 17200 by engaging in "unfair, deceptive, untrue or misleading advertising."

Microsoft also has not alleged that Sun violated the remaining statutory basis for violating § 17200 – engaging in "unfair, deceptive, untrue or misleading" advertising.  In its pleading, Microsoft states that "Sun's actions, described herein, constitute unfair competition in violation of California's Business and Professions Code § 17200 *et seq.*"[38]  The acts upon which Microsoft relies are Sun sending letters to Microsoft complaining that Microsoft exceeded the scope of its licenses and then purporting to terminate Microsoft's licenses when Microsoft failed to cure its defaults.  Microsoft's pleading does not assert that Sun engaged in any type of advertising activities, much less "unfair, deceptive, untrue or misleading" advertising.[39]

## IV. MICROSOFT'S REQUEST FOR DAMAGES FOR ITS FOURTH COUNTERCLAIM SHOULD BE STRICKEN

In its pleading, Microsoft expressly asks for damages based on its fourth counterclaim – the unfair competition counterclaim.[40]  Regardless whether the Court grants Sun's motion to dismiss Microsoft's unfair competition counterclaim in its entirety, the Court should nevertheless strike Microsoft's request for money damages pursuant to Federal Rule of Civil Procedure 12(f).  California's

---

[38] MS Counterclaim ¶ 32.

[39] *See Sun Microsystems, Inc. v. Microsoft Corp.*, 87 F. Supp. 2d at 999.

[40] MS Counterclaim ¶ 35 ("Wherefore, Microsoft prays for relief against Sun as follows: For damages on Microsoft's First, Third, and **Fourth** Counterclaims in an amount to be proved at trial") (emphasis added).

unfair competition law authorizes the equitable remedies of injunctive relief and restitution, but does not permit recovery of money damages.[41]

Dated: April 14, 2003

                                             /s/ Robert M. Galvin

DAY CASEBEER
MADRID & BATCHELDER LLP
Lloyd R. Day, Jr.
James R. Batchelder
Robert M. Galvin
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
(408) 873-0110

TYDINGS & ROSENBERG LLP
Thomas M. Wilson, Federal Bar No. 02560
John B. Isbister, Federal Bar No. 00639
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
(410) 752-9700

*Attorneys for Plaintiff*
*Sun Microsystems, Inc.*

---

[41] *See* Cal. Bus. & Prof. Code § 17203; *Cel-Tech Communications,* 20 Cal. 4th at 179 ("Prevailing plaintiffs are generally limited to injunctive relief and restitution"); *Kates v. Crocker Nat'l Bank*, 776 F.2d 1396, 1398 (9th Cir. 1985) ("California law does not recognize the recovery of damages by individuals for unfair business practices.").

12

Case 1:02-cv-02739-JFM    Document 356    Filed 04/14/2003    Page 17 of 17