IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sun Microsystems, Inc. v. Microsoft Corporation,*<br>Civil Action No. JFM-02-2739 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>::| MDL Docket No. 1332<br>Hon. J. Frederick Motz |

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO
SUN'S MOTION TO DISMISS MICROSOFT'S FOURTH COUNTERCLAIM
AND STRIKE A PORTION OF MICROSOFT'S DAMAGES DEMAND**

David B. Tulchin
Steven L. Holley
Marc De Leeuw
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Thomas W. Burt
Richard J. Wallis
Linda K. Norman
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
Telephone: (425) 936-8080

David T. McDonald
Karl J. Quackenbush
PRESTON GATES & ELLIS LLP
701 Fifth Avenue, Suite 5000
Seattle, Washington 98104
Telephone: (206) 623-7580

Matthew L. Larrabee
Dale A. Rice
A. Mari Mazour
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000

Darryl Snider
HELLER EHRMAN WHITE & MCAULIFFE LLP
601 S. Figueroa Street, 40th Floor
Los Angeles, California 90017-5758
Telephone: (213) 689-0200

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-3000

*Attorneys for Microsoft Corporation*

April 28, 2003

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................1

II.   ARGUMENT..........................................................................................................3

    A.    Rule 12(b)(6) Standard .............................................................................3

    B.    Microsoft Has Properly Pled A Section 17200 Claim ............................4

        1.    Microsoft Has Properly Pled Both Unfair And Unlawful
              Business Acts And Practices Under Section 17200......................4

              a.    Microsoft's Counterclaim Satisfies The Unfairness
                    Prong Of Section 17200.....................................................4

              b.    Microsoft's Counterclaim Similarly Satisfies The
                    Unlawful Prong Of Section 17200.....................................6

        2.    Sun's Reliance On *Cel-Tech* Is Misplaced. .................................8

    C.    The Court Should Deny Sun's Motion To Strike Microsoft's Claim
        For Damages On Its Fourth Counterclaim So That Microsoft May
        Properly Recover All Relief To Which It Is Entitled Under Section
        17200.........................................................................................................9

III.  CONCLUSION.......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

*Allied Grape Growers v. Bronco Wine Co.,*
249 Cal.Rptr. 872 (Cal. Ct. App. 1988) ................................................................. 4

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
973 P.2d 527 (Cal. 1999) ....................................................................................... 6, 8

*Coast Plaza Doctors Hosp. v. UHP Healthcare,*
129 Cal.Rptr.2d 650 (Cal. Ct. App. 2003) ............................................................ 4

*Dickson v. Microsoft Corp.,*
309 F.3d 193 (4th Cir. 2002) ................................................................................. 4

*Franks v. Ross,*
313 F.3d 184 (4th Cir. 2002) ................................................................................. 3

*Gregory v. Albertson's Inc.,*
128 Cal.Rptr.2d 389 (Cal. Ct. App. 2002) ............................................................ 8

*Martin Marietta Corp. v. International Telecomm. Satellite Org.,*
991 F.2d 94 (4th Cir. 1992) ................................................................................... 3

*Migdal v. Rowe Price-Fleming, Int'l, Inc.,*
248 F.3d 321 (4th Cir. 2001) ................................................................................. 3

*National Fed. of The Blind, Inc. v. Loompanics Enter., Inc.,*
936 F. Supp. 1232 (D. Md. 1996) .......................................................................... 7

*Schnall v. Hertz Corp.,*
93 Cal.Rptr.2d 439 (Cal. Ct. App. 2000) .............................................................. 4

*State Farm Fire & Cas. Co. v. Superior Court,*
53 Cal.Rptr.2d 229 (Cal. Ct. App. 1996) .............................................................. 5

*Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.,*
178 F. Supp. 2d 1099 (C.D. Cal. 2001) ................................................................ 4, 6

*Wolman v. Tose,*
467 F.2d 29 (4th Cir. 1972) ................................................................................... 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP.<br>ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sun Microsystems, Inc. v. Microsoft Corporation,*<br><br>Civil Action No. JFM-02-2739 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

: MDL Docket No. 1332
: Hon. J. Frederick Motz

**MICROSOFT'S MEMORANDUM IN OPPOSITION TO
SUN'S MOTION TO DISMISS MICROSOFT'S FOURTH COUNTERCLAIM
AND STRIKE A PORTION OF MICROSOFT'S DAMAGES DEMAND**

**I.    INTRODUCTION**

Microsoft alleges in its Fourth Counterclaim that Sun violated California's Business and

Professions Code § 17200 *et seq.* through a series of willful and deliberate acts that were intended

to – and did – cause competitive injury to Microsoft.  Contrary to Sun's argument, the Section

17200 claim goes well beyond Sun's accusations of breach of the January 2001 Settlement

Agreement (the "Settlement Agreement") and its improper attempt to terminate Microsoft's license

to distribute its Java Virtual Machine (the "MSJVM") pursuant to the Settlement Agreement.

Specifically, Microsoft also alleges in its Counterclaim each of the following unfair and unlawful

acts and practices:

- that Sun falsely claimed that Microsoft exceeded the scope of the licenses granted to Microsoft in the Settlement Agreement,

- that Sun wrongfully rejected Microsoft's proposed efforts to address Sun's concerns under the Settlement Agreement and claimed instead that Microsoft should distribute with every copy of Windows XP — and without compensation — Sun's competing technology,

- that Sun unreasonably and in bad faith asserted rights that it knew were non-existent under the Settlement Agreement,

- that Sun deprived Microsoft of the quiet enjoyment of the technology that Microsoft licensed from Sun and deprived Microsoft of the benefits of Microsoft's bargain under the Settlement Agreement,

- that Sun breached both the Settlement Agreement itself and the covenant of good faith and fair dealing that is implied in the Agreement,

- that these actions were undertaken willfully and deliberately with an intent to cause competitive injury to Microsoft and to aid Microsoft's competitors, and

- that Microsoft has been damaged by Sun's unlawful and improper conduct.

Microsoft Counterclaim at ¶¶ 1-38 (Ex. A hereto). As Sun acknowledges, each of these allegations must be accepted as true for purposes of a motion to dismiss. Motion at 4.[1]

Sun nonetheless argues that its alleged conduct was neither "unlawful," "fraudulent," nor "unfair," as those terms are defined by California courts interpreting Section 17200. Motion at 4-11. This argument is premised on a mischaracterization of the specific allegations at issue or it simply ignores them. When Sun does acknowledge Microsoft's allegations, it ignores or mischaracterizes California law regarding the proper scope and meaning of Section 17200. Contrary to Sun's argument, Section 17200 may be applied not only to antitrust violations (Motion at 1-2), but also to conduct – such as that at issue here – that violates state common law. California common law, in turn, includes both contract law and the corresponding duty of good faith and fair dealing, and Microsoft specifically alleges that Sun violated California law in both respects. Sun's substantive attack on Microsoft's Section 17200 claim thus fails as a matter of law.

Sun's remaining argument – regarding Microsoft's request for damages based on Sun's violation of Section 17200 (Motion at 11-12) – is also misguided. Sun included a similar request for damages in its own complaint, but later stated that it sought "all relief to which it is entitled

---

[1] Sun also notes that Microsoft's allegations are contrary to this Court's ruling granting Sun's preliminary injunction motion. Motion at 1. The parties' dispute regarding that ruling is currently pending before the United States Court of Appeals for the Fourth Circuit, which heard oral argument on April 3, 2003. As noted in the text above, Sun properly concedes that for purposes of its motion to dismiss, it must accept as true each and all of Microsoft's allegations.

under [California's Unfair Competition Law (the "UCL")], including injunctive relief and restitution." *See* "Sun's Opposition to Microsoft's Motion to Dismiss Claims 1-3, 5-7, 9-10 & 12-14 of Sun's Amended Complaint and to Strike Certain Damages Demands" at 48 (Ex. B hereto). The Court denied Microsoft's motion to strike the damage claim on that basis, but clarified that Sun's Section 17200 claim "is limited to relief other than monetary damages." January 22, 2003 Order, at ¶ 2 (Ex. C hereto). Here too, the Court should deny Sun's motion to strike Microsoft's claim for damages on its Fourth Counterclaim subject to a similar clarification that Microsoft is seeking under Section 17200 only relief other than monetary damages.

Before further addressing Sun's arguments, a preliminary point bears emphasis. At oral argument of Microsoft's motions to dismiss certain claims brought by Sun and other competitor-plaintiffs, the Court suggested that its consideration of a motion to dismiss might be impacted by whether dismissal would materially affect the scope of discovery. *See, e.g.,* January 10, 2003, Transcript at 16:19–17:3 and 41:12–42:25 (Ex. D hereto). Although Sun was and remains a beneficiary of that approach, it does not even assert that dismissal of Microsoft's Section 17200 claim or its corresponding request for damages would affect discovery in any way.

## II.     ARGUMENT

### A.     Rule 12(b)(6) Standard

Under Rule 12(b)(6), dismissal is appropriate only if it "appears certain that the [non-moving party] cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming, Int'l, Inc.* 248 F.3d 321, 325 (4th Cir. 2001). "In considering a motion to dismiss, the claims must be construed in the light most favorable to the non-moving party and its allegations taken as true." *Martin Marietta Corp. v. International Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992). *See also Franks v. Ross*, 313 F.3d 184 (4th Cir. 2002). A claimant need not prove each element of its claim at the motion to dismiss stage. Rather, "to avoid dismissal for failure to state a claim, the plaintiff must 'colorably state [] facts which, if proven, would entitle

him to relief.'" *Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir. 2002) (quoting *Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.*, 910 F.2d 139, 145 n.8 (4th Cir. 1990)).

**B.    Microsoft Has Properly Pled A Section 17200 Claim**

Sun claims in its motion that Microsoft has not adequately pled an unfair or unlawful business act or practice within the meaning of Section 17200.  Motion at 6-11 (addressing Section 17200's unfairness prong) and 5-6 (addressing Section 17200's unlawful prong).  Sun is incorrect in both respects.[2]

**1.    Microsoft Has Properly Pled Both Unfair And Unlawful Business Acts And Practices Under Section 17200.**

**a.    Microsoft's Counterclaim Satisfies The Unfairness Prong Of Section 17200.**

Contrary to Sun's assertion (Motion at 6-11), Microsoft has properly pled an unfair business act or practice under Section 17200.  Because Section 17200 is written in the disjunctive – "unfair competition shall mean and include any unlawful, unfair *or* fraudulent business act or practice" (emphasis added) – a practice may be unfair under Section 17200 even if it is not fraudulent or unlawful.  *Schnall v. Hertz Corp.*, 93 Cal.Rptr.2d 439, 446 (Cal. Ct. App. 2000).  While courts have indicated that there may be exceptions for claims sounding in antitrust, Microsoft's Section 17200 claim against Sun arises from Sun's breach of contract and breach of the covenant of fair dealing, not antitrust violations.

Microsoft has properly pled an "unfair" business act or practice under California law.  California courts have repeatedly held, for example, that conduct constituting a common law breach of contract may be "unfair" under Section 17200.  *See Coast Plaza Doctors Hosp. v. UHP Healthcare*, 129 Cal.Rptr.2d 650 (Cal. Ct. App. 2003); *Watson Labs, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1117 n.12 (C.D. Cal. 2001).  *See also Allied Grape Growers v. Bronco*

---

[2] Sun also argues that Microsoft has failed to state a claim for fraudulent business acts or practices (Motion at 6) or "unfair, deceptive, untrue or misleading" advertising (Motion at 11).  Sun's arguments on these points are irrelevant, as no such allegations are at issue here.

*Wine Co.*, 249 Cal.Rptr. 872, 883 (Cal. Ct. App. 1988) (affirming Section 17200 injunction based on breach of contract claim). As noted above, Microsoft specifically alleges in its Counterclaim that Sun breached the Settlement Agreement in at least the following respects:

1. by falsely claiming that Microsoft exceeded the scope of the licenses granted to Microsoft in the Settlement Agreement;

2. by wrongfully rejecting Microsoft's proposed efforts to address Sun's concerns under the Settlement Agreement and claiming instead that Microsoft should distribute with every copy of Windows XP — and without compensation — Sun's competing technology; and

3. by wrongfully purporting to terminate Microsoft's licenses under the Settlement Agreement.

Microsoft Counterclaim at ¶ 20. Under California law, such breach of contract allegations satisfy the unfairness prong of Section 17200.[3]

A Section 17200 "unfairness" claim also may be predicated on allegations that a party (a) breached the duty of good faith and fair dealing, or (b) asserted a contractual right that does not exist. *State Farm Fire & Cas. Co. v. Superior Court*, 53 Cal.Rptr.2d 229, 235 (Cal. Ct. App. 1996). As to the former, the California Supreme Court concluded: "[W]e have no trouble concluding that an insurer's conduct constituting a breach of the implied covenant of good faith may also constitute an *unfair* business practice under section 17200." *Id.* (emphasis in original). Microsoft specifically alleges in its Counterclaim that Sun acted arbitrarily, unfairly, and in bad faith by:

1. purporting to exercise and enforce its rights and obligations under the Settlement Agreement;

2. making false claims that Microsoft exceeded the scope of the licenses granted to Microsoft in the Settlement Agreement;

3. asserting rights that Sun knows are non-existent under the Settlement Agreement;

---

[3] To the extent that California law requires a series or practice of contractual breaches, Microsoft has likewise satisfied this burden by alleging that Sun repeatedly breached the Settlement Agreement. Microsoft's Counterclaim outlines Sun's continuing and ongoing breaches of the Agreement, beginning with Sun's original complaints regarding Microsoft's distribution of the MSJVM and culminating in Sun's wrongful termination of the Agreement. *See* Microsoft Counterclaim at ¶ 20.

4. rejecting Microsoft's proposed efforts to address Sun's concerns under the Settlement Agreement; and

5. purporting to terminate Microsoft's licenses under the Settlement Agreement.

Microsoft Counterclaim at ¶ 28. Because each of these allegations must be accepted as true for purposes of Sun's motion, they – like the breach of contract allegations discussed above – satisfy the unfairness prong of Section 17200.

>     b.    **Microsoft's Counterclaim Similarly Satisfies The Unlawful Prong Of Section 17200.**

As Sun itself acknowledges, Section 17200 "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Motion at 5 (citing *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 973 P.2d 527, 539-40 (Cal. 1999)). Sun also admits that this requirement would be satisfied by allegations "that Sun committed an act forbidden by another law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or *court-made*." *Id.* at 5-6 (citing *Watson Labs*, 178 F. Supp. 2d at 1120) (emphasis added)). As Section II.B.1.a above shows, Microsoft has properly alleged that Sun violated California common law by its breach of contract and breach of the duty of good faith and fair dealing.

Sun nevertheless claims that "Microsoft's unfair competition counterclaim . . . contains no specific allegation that Sun violated any law or regulation other than § 17200 itself." *Id.* at 6. That is incorrect. The very first paragraph of Microsoft's cause of action for violation of Section 17200 "realleges and incorporates by reference" each of the preceding paragraphs of Microsoft's Counterclaim, including Microsoft's detailed allegations that Sun breached both the Settlement Agreement itself and the covenant of good faith and fair dealing that is implied in the Agreement. Microsoft Counterclaim at ¶ 30. In paragraph 32 of the Counterclaim, Microsoft similarly refers to "Sun's actions, *described herein.*" Microsoft Counterclaim at ¶ 32 (emphasis added).

Indeed, Sun's Section 17200 claim is not materially different in this respect from Microsoft's claim. Although Sun's complaint includes 360 separate paragraphs, only four of those

paragraphs are included in its Section 17200 claim. That claim, like Microsoft's, begins by

incorporating by reference each of the preceding paragraphs and then states: "Microsoft's actions,

*as alleged*, constitute unfair competition in violation of Section 17200 *et seq*. of the California

Business and Professions Code." Sun First Amended Complaint at ¶¶ 344-45 (Ex. E hereto). In

fact, Microsoft's claim is more detailed and more complete than Sun's.

Sun's argument regarding this issue also fails as a matter of law. As the Fourth Circuit

noted in reversing a bankruptcy referee's order dismissing a far less detailed claim:

> Perhaps greater literary clarity could be desired; nevertheless it does not
> require a keen imagination to read the above as an allegation that the Wolmans stand
> ready to perform.
>
> Under the liberal rules of federal pleading, a complaint should survive a
> motion to dismiss if it sets out facts sufficient for the court to *infer* that all the
> required elements of the cause of action are present.

*Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972) (emphasis in original). In *National Fed. of The*

*Blind, Inc. v. Loompanics Enter., Inc.*, 936 F. Supp. 1232 (D. Md. 1996), another judge in this

district similarly noted:

> On a motion to dismiss, the court must view the allegations in the complaint in the
> light most favorable to the pleader. Specifically, the court must accept the
> allegations contained in the complaint as true, and must *liberally construe the*
> *complaint as a whole*.

*Id.* at 1238 (emphasis added). Because Microsoft's Section 17200 claim passes muster under these

standards as well, Sun's motion should be denied.

### 2.    Sun's Reliance On *Cel-Tech* Is Misplaced.

Rather than properly address Microsoft's allegations under controlling law, Sun asserts that

Microsoft's Section 17200 claim fails under *Cel-Tech*. Motion at 5-6 (discussing unlawful prong)

and 6-11 (discussing unfairness). Sun's reliance on *Cel-Tech* is misplaced because, contrary to

Sun's assertion (Motion at 2-3), Microsoft's Section 17200 claim is not predicated on an "incipient

violation of an antitrust law" or similar anticompetitive practices.

The central thrust of Sun's argument here is that the three-part test in *Cel-Tech* applies to

Microsoft's Counterclaim because Microsoft has alleged that "Microsoft and Sun are competitors in

the operating systems and software development tools market." Motion at 2-3. The test in *Cel-Tech* is not dispositive here because Microsoft's Counterclaim includes allegations of unfair and unlawful business practices predicated on Sun's breaches of the Settlement Agreement and on Sun's bad faith conduct. As to those claims, footnote 12 of the *Cel-Tech* opinion explains:

> This case involves an action by a competitor alleging anticompetitive practices. Our discussion and this test are limited to that context. Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as "fraudulent" or "unlawful" business practices or "unfair, deceptive, untrue or misleading advertising."

*Cel-Tech*, 973 P.2d at 544 n.12. At least one other court, interpreting footnote 12, has similarly noted that the relevant inquiry in cases alleging unfair or unlawful business practices "continues to be guided by prior Court of Appeal decisions which have attempted to formulate a test for an 'unfair act or business practice.'" *Gregory v. Albertson's Inc.*, 128 Cal.Rptr.2d 389, 396 (Cal. Ct. App. 2002). Because Microsoft has properly alleged unfair and unlawful business practices based on bad faith and breach of contract by Sun, *Cel-Tech* does not provide grounds for dismissing Microsoft's Section 17200 claim.

      **C.     The Court Should Deny Sun's Motion To Strike Microsoft's Claim For Damages On Its Fourth Counterclaim So That Microsoft May Properly Recover All Relief To Which It Is Entitled Under Section 17200.**

Sun also requests that the Court strike Microsoft's claim for damages on its Fourth Counterclaim. Motion at 11-12. Microsoft – like Sun – is not seeking monetary damages under Section 17200 and understands that such damages are not available. Microsoft is instead seeking only the equitable relief to which it is entitled under Section 17200, including restitution and injunctive relief. Microsoft Counterclaim at ¶ 38 (requesting "such other relief as the Court deems appropriate"). With that clarification, Sun's motion to strike a portion of Microsoft's damage claim should be denied.

## III.    CONCLUSION

Microsoft has properly pled a Section 17200 claim. Sun's request that the Court dismiss that claim should be denied, as should Sun's request that the Court strike Microsoft's corresponding damage claim.


Dated:  April 28, 2003

Respectfully submitted,


By:    /s/ Matthew L. Larrabee
         Matthew L. Larrabee
HELLER EHRMAN WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, California  94104
Telephone:    (415) 772-6000

Attorneys for Defendant MICROSOFT CORPORATION

*Additional Counsel for Microsoft Corporation:*

David B. Tulchin
Steven L. Holley
Marc De Leeuw
SULLIVAN & CROMWELL
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000

Thomas W. Burt
Richard J. Wallis
Linda K. Norman
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington  98052
Telephone:  (425) 936-8080

Michael F. Brockmeyer
(Fed. Bar No. 02307)
Jeffrey D. Herschman
(Fed. Bar No. 00101)
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland  21209-3600
Telephone: (410) 580-3000

Darryl Snider
HELLER EHRMAN WHITE & McAULIFFE LLP
601 S. Figueroa Street, 40th Floor
Los Angeles, California  90017-5758
Telephone: (213) 689-0200


David T. McDonald
Karl J. Quackenbush
PRESTON GATES & ELLIS LLP
701 Fifth Avenue, Suite 5000
Seattle, Washington  98104
Telephone: (206) 623-7580

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2003, I caused a copy of Microsoft's Memorandum in Opposition to Sun's Motion to Dismiss Microsoft's Fourth Counterclaim and Strike a Portion of Microsoft's Damages Demand to be served as designated:

Lloyd R. Day, Jr., Esq. (overnight delivery)
DAY, CASEBEER, BATCHELDER & MADRID LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, California  95014

John B. Isbister, Esq. (by hand)
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland  21202

James P. Ulwick, Esq. (by hand)
KRAMON & GRAHAM, P.A.
One South Street
Baltimore, Maryland  21202

Stanley M. Chesley, Esq. (by first class mail)
WAITE, SCHNEIDER, BAYLESS &
   CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202

Michael D. Hausfeld, Esq. (by first class mail)
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005


Jeffrey D. Herschman