**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Sun Microsystems, Inc. v. Microsoft Corporation,*<br><br>Civil Action No. JFM-02-2739 | MDL Docket No. 1332<br>Hon. J. Frederick Motz |

## MICROSOFT CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST SUN MICROSYSTEMS, INC.

Matthew L. Larrabee
Dale A. Rice
A. Mari Mazour
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000

Darryl Snider
HELLER EHRMAN WHITE & MCAULIFFE LLP
601 S. Figueroa Street, 40th Floor
Los Angeles, California 90017-5758
Telephone: (213) 689-0200

Thomas W. Burt
Richard J. Wallis
Linda K. Norman
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
Telephone: (425) 706-8080

David B. Tulchin
Steven L. Holley
Marc De Leeuw
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Michael F. Brockmeyer
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: (410) 580-3000

David T. McDonald
Karl J. Quackenbush
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Telephone: (206) 623-7580

*Attorneys for Microsoft Corporation*

February 21, 2003

and Microsoft or is licensed under the Settlement Agreement and Mutual Release between Sun and Microsoft.

### NINETEENTH DEFENSE

Sun's claims alleging violations of the Settlement Agreement and Mutual Release between Sun and Microsoft are barred because Sun has failed to provide the notice and opportunity to cure required by the Settlement Agreement and Mutual Release.

### TWENTIETH DEFENSE

Sun's claims alleging violation of the Settlement Agreement and Mutual Release are barred by Sun's failure to meet conditions precedent.

### TWENTY-FIRST DEFENSE

Sun's claims are barred, in whole or in part, to the extent that they were released by the Settlement Agreement and Mutual Release.

### TWENTY-SECOND DEFENSE

Sun's claims are barred, in whole or in part, because the allegedly unlicensed distribution and use of the MSJVM did not copy expression protected by Sun's copyrights, did not require a license, is fair use under copyright laws and, if an infringement, is de minimis infringement that has not caused any injury to Sun as the owner of the copyrights at issue.

### TWENTY-THIRD DEFENSE

Sun's claims are barred, in whole or in part, by the doctrine of copyright misuse.

## IV. COUNTERCLAIMS

1. Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

2. Sun is a Delaware corporation with its principal place of business in Palo Alto, California.

3.      This Court has jurisdiction over Microsoft's counterclaims under 28 U.S.C. §§ 1331, 1332, 1367, and 2201. The amount in controversy, exclusive of attorney's fees and costs, exceeds seventy-five thousand dollars.

**FACTUAL ASSERTIONS**

**A.     The Technology and License Distribution Agreement and the Resulting *Sun I* Litigation**

4.      In March 1996, Microsoft and Sun entered into the Technology License and Distribution Agreement ("TLDA"), pursuant to which Microsoft distributed its own Java implementation for Windows, the Microsoft Java Virtual Machine or "MSJVM." Shortly after Microsoft began distributing the MSJVM, it was widely recognized as the best-performing and most compatible implementation of Java available.

5.      Disagreements regarding the TLDA arose almost immediately, and Sun filed suit against Microsoft in October 1997 ("*Sun I*"). Sun asserted claims for breach of the TLDA, copyright infringement, trademark infringement, and unfair competition.

6.      Microsoft denied liability in *Sun I* and asserted counterclaims for breach of contract, breach of the duty of good faith and fair dealing, and unfair competition.

7.      On January 23, 2001, Sun and Microsoft settled the *Sun I* litigation and executed a Settlement Agreement and Mutual Limited Release ("Settlement Agreement"), pursuant to which (a) both parties released all claims except antitrust claims, (b) the TLDA was terminated, (c) Sun agreed that Microsoft could distribute the MSJVM until 2008, and (d) Microsoft paid Sun $20 million.

8.      The Settlement Agreement does not mandate that the MSJVM be included in any Microsoft product nor in the default installation of Windows. The Settlement Agreement in no way limits the mechanisms Microsoft can use to distribute the MSJVM as a component of Windows XP. In fact, (a) it is common in the software industry for components to be incorporated into software products in a manner that makes them optionally installable by the user, (b) Microsoft regularly makes improved versions of Windows components available via

Internet download and did so extensively at the time the Settlement Agreement was executed, (c) Sun never complained that the MSJVM was an optionally installable component of Internet Explorer 5.0 that could be downloaded by users from the Internet, and (d) Microsoft told Sun during negotiation of the Settlement Agreement that it intended to distribute the MSJVM in Windows XP via Internet download, and Sun raised no objection.

**B.     The Parties' Conduct After Execution of the *Sun I* Settlement Agreement, Including Sun's Purported Termination of the Settlement Agreement**

9.      Microsoft announced in July 2001 that it would incorporate the MSJVM in Windows XP as a component that users of Windows XP could choose to install by downloading it from Microsoft's Web site. In addition, when Microsoft delivered Windows XP to Original Equipment Manufacturers ("OEMs"), the MSJVM was on a separate CD in the OEM Preinstallation Kit so that each OEM could choose whether or not to preinstall the MSJVM as part of Windows XP on new PCs. In no case was or is the MSJVM offered as a separate product. Instead, the MSJVM is a component of Windows XP and cannot operate independently of Windows XP.

10.     When Microsoft announced publicly in July 2001 that it would distribute the MSJVM in Windows XP via Internet download, Sun did not complain that Microsoft was acting in a manner that was not authorized by the Settlement Agreement. Sun did so for the first time approximately eight months later, when it filed its original Complaint.

11.     Although Microsoft denies Sun's allegations, it has attempted to address Sun's concerns under the Settlement Agreement. On April 5, 2002, in a letter to Patricia Sueltz, then Executive Vice President of Sun's Software Systems Group, Sanjay Parthasarathy, Microsoft's Corporate Vice President for the Platform Strategy Group, informed Sun that, while it thought Sun was misreading the Settlement Agreement, Microsoft would nevertheless cease distributing the MSJVM in Windows XP via Internet download in order to resolve Sun's objections. A copy of this letter is attached hereto as Exhibit A.

12. Ms. Sueltz responded to Mr. Parthasarathy's April 5 letter on or about April 11, 2002, by insisting that Microsoft distribute with every copy of its Windows XP operating system – and without compensation – Sun's Java 2 runtime environment. A copy of Ms. Sueltz's April 11 letter is attached hereto as Exhibit B.

13. Microsoft reiterated its desire to address Sun's concerns under the Settlement Agreement and resolve this dispute by letter dated May 10, 2002. In the letter, Mr. Parthasarathy indicated that Microsoft would no longer make the MSJVM available in Windows XP via Internet download as of July 10, 2002. A copy of the May 10, 2002 letter is attached hereto as Exhibit C.

14. Sun again rejected Microsoft's offer by letter dated May 21, 2002, wherein it asked Microsoft to reconsider its refusal to distribute Sun's Java 2 runtime environment. A copy of the May 21, 2002 letter is attached hereto as Exhibit D.

15. Finally, on June 7, 2002, Mr. Parthasarathy wrote to Ms. Sueltz confirming that Microsoft would no longer make the MSJVM available in Windows XP via Internet download and also stating that Microsoft would no longer distribute the MSJVM on a separate CD in the OEM Preinstallation Kit for Windows XP. A copy of that letter is attached hereto as Exhibit E.

16. Despite Microsoft's efforts to address Sun's concerns under the Settlement Agreement, on January 8, 2003, Sun purported to terminate Microsoft's licenses under paragraphs 6(b), (d), and (g) of the Settlement Agreement. A copy of the January 8, 2003 letter from Richard Green, Sun's Vice President and General Manager of Java and XML Platforms, to Mr. Parthasarathy of Microsoft is attached hereto as Exhibit F. Microsoft rejected that purported termination on February 7, 2003. A copy of the February 7, 2003 letter from Mr. Parthasarathy to Mr. Green is attached hereto as Exhibit G.

17. Microsoft also distributed the MSJVM as part of the Windows XP Service Pack 1 Upgrade. That distribution, too, was licensed under the Settlement Agreement, which gives Microsoft a license to distribute the MSJVM in "successor versions of the products identified in

Exhibit D." Microsoft alone had the right to specify those product versions, and on March 8, 2001, Microsoft sent Exhibit D to Sun, expressly stating in the cover letter that service packs were included. Sun never objected. A copy of the March 8, 2001 cover letter and enclosure is attached hereto as Exhibit H.

### CAUSES OF ACTION

#### A.  First Counterclaim: Breach of Contract

18.  Microsoft realleges and incorporates by reference paragraphs 1-17 of its counterclaims.

19.  Microsoft has fully performed any conditions, covenants, and promises made by it under the Settlement Agreement entered into by Sun and Microsoft to resolve *Sun I*.

20.  Sun has materially breached the Settlement Agreement in ways that include but are not limited to:

   a.  falsely claiming that Microsoft exceeded the scope of the licenses granted to Microsoft in the Settlement Agreement by distributing the MSJVM in Windows XP via Internet download, by distributing the MSJVM on a separate CD in the OEM Preinstallation Kit for Windows XP, and by distributing the MSJVM as part of the Windows XP Service Pack 1 Upgrade;

   b.  wrongfully rejecting Microsoft's proposed efforts to address Sun's concerns under the Settlement Agreement and claiming instead that Microsoft should distribute with every copy of Windows XP – and without compensation – Sun's Java 2 runtime environment; and

   c.  wrongfully purporting to terminate Microsoft's licenses under the Settlement Agreement.

21.  Sun's breaches have deprived Microsoft of the quiet enjoyment of technology it licensed under the Settlement Agreement, and have deprived Microsoft of the benefits of Microsoft's bargain under the Settlement Agreement.

22. As a result of Sun's breaches of the Settlement Agreement, Microsoft has been damaged in an amount to be proved at trial, but which Microsoft alleges is in excess of $75,000.

### B. Second Counterclaim: Declaratory Judgment

23. Microsoft realleges and incorporates by reference paragraphs 1-22 of its counterclaims.

24. An actual controversy has arisen and now exists relating to the respective rights and obligations of Microsoft and Sun under the Settlement Agreement. Microsoft desires a declaration of rights and obligations of the parties under the Settlement Agreement.

25. Microsoft is entitled to a declaration that:

   a. Microsoft is licensed to incorporate the MSJVM in Windows XP, and the Settlement Agreement imposes no limitation on the mechanisms Microsoft can use to distribute the MSJVM as a component of Windows XP; and

   b. Sun has breached the Settlement Agreement and wrongfully purported to terminate Microsoft's licenses under the Settlement Agreement, as described above.

### C. Third Counterclaim: Breach of the Covenant of Good Faith and Fair Dealing

26. Microsoft realleges and incorporates by reference paragraphs 1-25 of its counterclaims.

27. Sun is obligated to act in good faith and deal fairly with Microsoft under the covenant of good faith and fair dealing that is implied in the Settlement Agreement.

28. Sun's bad faith is evidenced by Sun's actions, which, individually and/or in combination, have denied Microsoft the benefits of the Settlement Agreement. Such acts by Sun include, but are not limited to the following:

   a. acting arbitrarily, unfairly, and in bad faith in purporting to exercise and enforce its rights and obligations under the Settlement Agreement;

   b. unreasonably and in bad faith making false claims that Microsoft exceeded the scope of the licenses granted to Microsoft in the Settlement Agreement;

   c.   unreasonably and in bad faith asserting rights that it knows are non-existent under the Settlement Agreement;

   d.   unreasonably and in bad faith rejecting Microsoft's proposed efforts to address Sun's concerns under the Settlement Agreement and claiming instead that Microsoft should distribute with every copy of Windows XP – and without compensation – Sun's Java 2 runtime environment; and

   e.   unreasonably and in bad faith purporting to terminate Microsoft's licenses under the Settlement Agreement.

   29.   Sun's actions constitute a breach of its covenant of good faith and fair dealing with Microsoft. Microsoft has been damaged by Sun's breach in an amount to be proved at trial.

   **D.   Fourth Counterclaim: Violation of California Business and Professions Code § 17200 *et seq*.**

   30.   Microsoft realleges and incorporates by reference paragraphs 1-29 of its counterclaims.

   31.   Microsoft and Sun are competitors in the development and marketing of operating systems and software development tools.

   32.   Sun's actions, described herein, constitute unfair competition in violation of California's Business and Professions Code § 17200 *et seq*.

   33.   These actions were undertaken willfully and deliberately with an intent to cause competitive injury to Microsoft and to aid Microsoft's competitors.

   34.   As a result of Sun's violations of California's Business and Professions Code § 17200, Microsoft has been damaged in an amount to be proved at trial.

   **MICROSOFT'S PRAYER FOR RELIEF ON COUNTERCLAIMS**

   WHEREFORE, Microsoft prays for relief against Sun as follows:

   35.   For damages on Microsoft's First, Third, and Fourth Counterclaims in an amount to be proved at trial;

36. For a declaratory judgment as described above, including a declaratory judgment that Sun wrongfully purported to terminate Microsoft's licenses under the Settlement Agreement;

37. For reasonable attorney's fees and expenses incurred in connection with this lawsuit; and

38. For such other relief as the Court deems appropriate.

Dated: February 21, 2003

Respectfully submitted,

By: /s/ Matthew L. Larrabee
Matthew L. Larrabee
HELLER EHRMAN WHITE & McAULIFFE LLP
333 Bush Street
San Francisco, California 94104
Telephone: (415) 772-6000

Attorneys for Defendant MICROSOFT CORPORATION

*Additional Counsel for Microsoft Corporation:*

David B. Tulchin
Steven L. Holley
Marc De Leeuw
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

Thomas W. Burt
Richard J. Wallis
Linda K. Norman
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
Telephone: (425) 706-8080

Michael F. Brockmeyer
PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: (410) 580-3000

Darryl Snider
HELLER EHRMAN WHITE & MCAULIFFE LLP
601 S. Figueroa Street, 40th Floor
Los Angeles, California 90017-5758
Telephone: (213) 689-0200

David T. McDonald
Karl J. Quackenbush
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Telephone: (206) 623-7580