**EXHIBIT D**

1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF MARYLAND

3    NORTHERN DIVISION

4

5

6

7    IN RE: MICROSOFT LITIGATION

8    _____/

9

10                      MDL No. 1332
                   Friday, January 10, 2003
11                  Baltimore, Maryland

12

      Before:  Honorable J. Frederick Motz, Judge
13

14   Appearances:
           On Behalf of Burst:
15          Spencer Hosie, Esquire
            Bruce J. Wecker, Esquire
16
           On Behalf of BE:
17          Stephen D. Susman, Esquire

18         On Behalf of Defendant Microsoft:
            Charles W. Douglas, Esquire
19          David B. Tulchin, Esquire
            Matthew L. Larrabee, Esquire
20          Michael J. Shepard, Esquire

21

22   (Please Note: Only those who verbally participated have
      been listed.)
23

24   Reported by:
     Mary M. Zajac, RPR
     Room 3515, U.S. Courthouse
25   101 West Lombard Street
     Baltimore, Maryland 21201

16

1    they're not close under 9-B.  All they say is, you know, hey,

2    gee, we can make discovery.  But the whole point of 9-B is when

3    you have allegation of that seriousness, you have to say what it

4    is.  And you don't let the plaintiff, the courts say, pursue an

5    allegation in which all the facts are learned through discovery

6    after the complaint is filed.

7         So I don't think the financing allegation gets them

8    anywhere.  And as a result, we've now gone through each of the

9    different pieces of their Section Two claim and there's really

10   nothing to any of them.

11        THE COURT:  Suppose, and I certainly don't ask you to

12   say that I should, but suppose I find that their, essentially,

13   Section One allegations are sufficient?  How does that affect

14   your argument under Section Two?

15        MR. SHEPARD:  I don't think that would be a good thing

16   for me.  So --

17        THE COURT:  That's fine.

18        MR. SHEPARD:  I think that the --

19        THE COURT:  Let me ask you this.  Let me ask you this

20   as a practical matter.  Suppose I find that they're sufficient

21   and have questions, substantial questions about the standing for

22   the reasons you've recited.  Is there any practical reason from

23   discovery or things of that nature why I should, I'm not even

24   sure I could, frankly, carve out a portion of the claim.  But is

25   there a lot more discovery that the pollution, you know

17

1    Internet, whatever, Internet appliance aspect of the claim

2    involves or is it pretty much of a different theory?  I'm trying

3    to be practical.

4         MR. SHEPARD:  Well, to some extent, the Internet

5    appliance case is the same case that's going to be subject to

6    discovery in the Sun and Netscape claims.  However, there are

7    little pieces of it where BE says, you know, we were dealing

8    with Compaq.  That little piece, there would be discovery about

9    that.  And there would also be technical discovery about the

10   operating system that BE modified, they call it the BIA, for use

11   in the Internet appliance market.  So there would be --

12        THE COURT:  Some.

13        MR. SHEPARD:  -- some additional issues.  There would

14   be some overlap with the discovery in the Sun and Netscape

15   cases.

16        The other statutes that BE cites in support of some

17   basis for an exclusive dealing and related claims, the

18   Cartwright Act and California's Unfair Competition Law, they

19   don't move the ball forward, either.

20        The California courts, while they always say, we don't

21   have to defer to federal antitrust authority in interpreting the

22   Cartwright Act, they pretty much generally defer.  And the best

23   BE can say about why that shouldn't happen in this case is they

24   have a footnote mentioning that one portion of the Cartwright

25   Act was based on an 1889 Texas antitrust law.  You can see where

41

1    actually have to get to how that would have affected the

2    Internet appliance and what the Internet appliance would have

3    looked like, all those sort of issues which I submit are very

4    complicated issues, it may well be that those aren't part of the

5    Sun/Netscape case, and that there therefore will be a

6    significant amount of additional expenditure beyond the ones

7    that I previously mentioned.

8        And that underscores why courts regularly do know why

9    it's important for us that the Court do address the standing

10   issue and eliminate it now.

11       Thank you, Your Honor.

12       THE COURT:  Well, I hate to do this to you all given

13   the obvious excellent oral and written presentations and the

14   seriousness of the issues, but I'm going to put on my manager's

15   hat here as opposed to my, and I say this reservedly, any

16   attempted legal scholar hat because I don't pretend to be a

17   legal scholar.

18       What I'm going to do is just give, deny the motion

19   summarily, orally.  The reason I'm doing that, as I say, as a

20   manager, recognizing what Mr. Shepard just said about, it is

21   helpful to frame some of the issues on the front end.

22       Anybody who was sitting in here the first four days of

23   this week and who will be sitting here for the next three months

24   will see a lot of criminal defendants out there, and this is

25   where I will be spending 9:30 to 5 every day.  And I simply

42

1   don't have time to write a long opinion.  And I honestly think

2   that it's far, recognizing that it might be helpful to some

3   extent to flesh out some of these more issues in detail, I think

4   it is more important for you all to have my ruling now.

5           Simply put, I am absolutely persuaded that there are

6   sufficient allegations to establish a Section One claim.  If

7   there is that, I think that the, if, there certainly are

8   allegations of foreclosure by the agreements with the OEM's and

9   the inability for the dual booting system to get off the ground,

10  that that at least has to proceed through discovery.  It's as

11  simple as that.  And that seems to me to be the basic core

12  issue.  And there are sufficient allegations of that.

13          It certainly gets, the pollution of the standards is a

14  more difficult question.  But that is not a separate claim.

15  Clearly, BE has standing for is Section Two claim on other

16  grounds.  And at the least, the whole Internet appliance, there

17  will have to be discovery as to that.  Even if not as a separate

18  claim, even if I decided it couldn't be pursued as a separate

19  claim, it would certainly through discovery would have

20  evidentiary importance.

21          Obviously, there should be discovery about the Compaq

22  issue.

23          And simply put, I am satisfied that there are

24  sufficient allegations as to the federal antitrust claims.  That

25  really takes care of any derivative claims.