**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.  *
ANTITRUST LITIGATION
                                                  *
This Document relates to:            MDL Docket No. 1332
*Sun Microsystems, Inc. v.*           *
*Microsoft Corp.,*                         Hon. J. Frederick Motz
                                                  *
Civil Action No. C-02-01150 RMW (PVT)
(N.D. Cal.)                                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

FIRST AMENDED COMPLAINT FOR:

1. ILLEGAL MAINTENANCE OF INTEL-COMPATIBLE PC OPERATING SYSTEM MONOPOLY (SHERMAN ACT § 2)

2. ILLEGAL MONOPOLIZATION OF WEB BROWSER MARKET (SHERMAN ACT § 2)

3. UNLAWFUL TYING OF INTERNET EXPLORER TO WINDOWS PC OPERATING SYSTEM (SHERMAN ACT § 1)

4. ATTEMPTED MONOPOLIZATION OF THE WORKGROUP SERVER OPERATING SYSTEM MARKET (SHERMAN ACT § 2)

5. UNLAWFUL TYING OF WINDOWS WORKGROUP SERVER OPERATING SYSTEM TO WINDOWS PC OPERATING SYSTEM (SHERMAN ACT § 1)

6. UNLAWFUL TYING OF IIS WEB SERVER SOFTWARE TO WINDOWS WORKGROUP SERVER OPERATING SYSTEM (SHERMAN ACT § 1)

7. UNLAWFUL TYING OF ACTIVE DIRECTORY SOFTWARE TO WINDOWS WORKGROUP SERVER AND PC OPERATING SYSTEMS (SHERMAN ACT § 1)

8. ATTEMPTED MONOPOLIZATION OF THE MARKET FOR GENERAL PURPOSE, INTERNET-ENABLED, DISTRIBUTED COMPUTING PLATFORMS (SHERMAN ACT § 2)

#311525

9. UNLAWFUL TYING OF .NET FRAMEWORK TO WINDOWS PC AND WORKGROUP SERVER OPERATING SYSTEMS (SHERMAN ACT § 1)

10. UNLAWFUL EXCLUSIVE DEALING AND OTHER EXCLUSIONARY AGREEMENTS (SHERMAN ACT § 1)

11. ILLEGAL MONOPOLIZATION OF OFFICE PRODUCTIVITY SUITE MARKET (SHERMAN ACT § 2)

12. UNLAWFUL TYING OF EXCHANGE SERVER SOFTWARE TO OFFICE (SHERMAN ACT § 1)

13. UNLAWFUL TYING OF ACTIVE DIRECTORY SOFTWARE TO EXCHANGE SERVER SOFTWARE (SHERMAN ACT § 1)

14. CARTWRIGHT ACT (CAL. BUS. & PROF. CODE §§ 16720 ET SEQ.)

15. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

16. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501 ET SEQ.)

**DEMAND FOR JURY TRIAL**

licensing fees, lost computer workstations sales, lost server sales, lost software product sales, lost storage sales, lost sales of consulting services, and a diminution in value to Sun's trademarks, reputation, and goodwill in amounts to be proven at trial. Although unascertained, Sun's damages exceed seventy-five thousand dollars.

**343.** Although Microsoft has since modified some of these agreements, the continuing anticompetitive effect of the agreements is substantial. The modified agreements are themselves anticompetitive, and there is a serious threat that, unless enjoined, Microsoft will re-impose the unlawful terms that it has expressed an intention that it will not enforce.

### FIFTEENTH CLAIM FOR RELIEF
### Unfair Competition

**344.** Sun incorporates the allegations in paragraphs 1 through 343 above, except insofar as any of the allegations relate to acts or omissions that both occurred prior to January 23, 2001 and were the subject of *Sun Microsystems, Inc. v. Microsoft Corp.,* No., C97-20884 RMW (PVT) (N.D. Cal.).

**345.** Microsoft's actions, as alleged, constitute unfair competition in violation of section 17200 et seq. of the California Business and Professions Code.

**346.** Microsoft will continue its unlawful, unfair, and fraudulent business practices causing irreparable and continuing harm to Sun, for which Sun has no adequate legal remedy.

**347.** As a direct, foreseeable, and proximate result of Microsoft's unlawful, unfair, and fraudulent business practices, Sun has been and will continue to be damaged by, without limitation, diminished licensing fees, lost computer workstation sales, lost server sales, lost software product sales, lost storage sales, lost sales of consulting services, and a diminution in value to Sun's trademarks, reputation, and goodwill in amounts to be proven at trial. Although unascertained, Sun's damages exceed seventy-five thousand dollars.

**JURY DEMAND**

Sun demands trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

For the Plaintiff SUN MICROSYSTEMS, INC.

DATED: August 26, 2002

Thomas M. Wilson, Federal Bar No. 02560
John B. Isbister, Federal Bar No. 00639
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Fax: (410) 727-5460

Lloyd R. Day, Jr. (Cal. Bar. No. 90875)
James R. Batchelder (Cal. Bar. No. 136347)
Robert M. Galvin (Cal. Bar. No. 171508)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
Telephone: (408) 873-0110
Facsimile: (408) 873-0220

Jeffrey S. Kingston (Cal. Bar. No. 50889)
James L. Miller (Cal. Bar. No. 71958)
BROBECK, PHLEGER & HARRISON LLP
Spear Street Tower
One Market Plaza
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1010

Kevin J. Arquit
CLIFFORD CHANCE
ROGERS & WELLS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 878-8000
Facsimile: (212) 878-8375