IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | * * |
| This Document relates to: *Sun Microsystems, Inc. v. Microsoft Corp.,* | *   MDL Docket No. 1332 *   Hon. J. Frederick Motz |
| Civil Action No. JFM-02-2739 | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**SUN MICROSYSTEMS, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS MICROSOFT'S FOURTH COUNTERCLAIM
AND STRIKE A PORTION OF MICROSOFT'S DAMAGES DEMAND**

23735

**TABLE OF CONTENTS**

PAGE NO.

I. INTRODUCTION ................................................................................................................ 1

II. SUN'S MOTION TO DISMISS MICROSOFT'S FOURTH COUNTERCLAIM SHOULD BE GRANTED BECAUSE MICROSOFT HAS FAILED TO ADEQUATELY PLEAD A CLAIM UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200. ................................................................................................ 3

    A. MICROSOFT'S COUNTERCLAIM DOES NOT SATISFY THE "UNFAIR" PRONG OF SECTION 17200. ................................................................................................ 3

    B. MICROSOFT'S COUNTERCLAIM DOES NOT SATISFY THE "UNLAWFUL" PRONG OF SECTION 17200. ................................................................................................ 6

III. SUN'S MOTION TO STRIKE SHOULD BE GRANTED BECAUSE MICROSOFT HAS IMPROPERLY SOUGHT TO RECOVER MONETARY DAMAGES FOR ITS SECTION 17200 CLAIM. ................................................................................................ 8

IV. CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

**PAGE NO.**

**CASES**

*Adams v. Williams Resorts, Inc.*,
  210 Cal. App. 2d 456 (1962) .................................................................................................. 8

*Allied Grape Growers v. Bronco Wine Co.*,
  203 Cal. App. 3d 432 (1988) .................................................................................................. 5

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ................................................................................................... passim

*Gregory v. Albertson's, Inc.*,
  104 Cal. App. 4th 845 (2002) .............................................................................................. 5, 6

*Khoury v. Maly's of California, Inc.*,
  14 Cal. App. 4th 612 (1993) .................................................................................................. 7

*Klein v. Earth Elements, Inc.*,
  59 Cal. App. 4th 965 (1997) .................................................................................................. 7

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ......................................................................................................... 7

*Rosenbluth Int'l, Inc. v. Superior Court*,
  101 Cal. App. 4th 1073 (2002) .............................................................................................. 7

*Schnall v. Hertz Corp.*,
  78 Cal. App. 4th 1144 (2000) ................................................................................................ 5

*State Farm Fire & Cas. Co. v. Superior Court*,
  45 Cal. App. 4th 1093 (1996) ............................................................................................. 4, 5

*Sun Microsystems, Inc. v. Microsoft Corp.*,
  87 F. Supp. 2d 992 (N.D. Cal. 2000) ..................................................................................... 4

*Townsend v. Rockwell Int'l Corp.*,
  2000 WL 433505 (N.D. Cal 2000) ........................................................................................ 4

*Watson Labs., Inc. v. Rhone Poulenc Rorer, Inc.*,
  178 F. Supp. 2d 1099 (C.D. Cal. 2001) .......................................................................... 4, 6, 7

## TABLE OF AUTHORITIES (cont'd)

**PAGE NO.**

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................................................ passim

Cal. Bus. & Prof. Code § 17203 ......................................................................................................... 8

Cal. Civ. Code § 3423(e) ..................................................................................................................... 8

I.     INTRODUCTION

In its opposition to Sun's motion to dismiss, Microsoft misstates California unfair competition law, misconstrues the cases upon which it relies, and misrepresents the damages allegations pled in its Counterclaim.

Microsoft makes two arguments in support of its contention that it has adequately pled a claim under California unfair competition law – California Business & Professions Code § 17200. First, Microsoft claims it satisfied the "unfair" business act prong of Section 17200 merely by alleging a breach of contract and breach of the covenant of good faith and fair dealing.[1] According to Microsoft, the test for an "unfair" business act set forth by the California Supreme Court in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*[2] is inapplicable. Second, Microsoft argues it pled a claim under the "unlawful" business act prong of Section 17200 by alleging that Sun "violated California common law" by its breach of contract and breach of the covenant of good faith and fair dealing.[3]

Both arguments, however, rest on false legal premises and are contradicted by controlling authority.

Despite Microsoft's claims, *Cel-Tech* is directly on point. All claims brought by a direct competitor like Microsoft under the "unfair" prong of Section 17200 must satisfy the test set forth in *Cel-Tech*. Since Microsoft concedes its claim is "not predicated on an 'incipient violation of an antitrust

---

[1] Microsoft's Memorandum in Opposition to Sun's Motion to Dismiss Microsoft's Counterclaim and Strike a Portion of Microsoft's Damages Demand ("Microsoft Opp.") at 4.

[2] 20 Cal. 4th 163 (1999).

[3] Microsoft Opp. at 6.

1

law' or similar anticompetitive practice,"[4] it has failed to state a claim for an "unfair" business practice under Section 17200.

Microsoft's attempt to distort the "unlawful" prong of Section 17200 to encompass every breach of contract and every breach of the covenant of good faith and fair dealing is also without support. While such breaches may form the basis for a Section 17200 claim where they are part of a campaign of anticompetitive acts or also violate a statute or regulation, Microsoft cites no case which holds that such breach, by itself, constitutes an "unlawful" business practices under Section 17200. Microsoft's strained reading of Section 17200 would turn California contract law on its head. Since every breach of contract would also be an act of unfair competition, all of the remedies for a Section 17200 violation, including injunctive relief and restitution, would be available for every breach of contract claim. The fact that Microsoft fails to cite a single case supporting this expansive construction is telling.

As for Sun's motion to strike, Microsoft now claims it "is not seeking monetary damages under Section 17200" and is "seeking only the equitable relief to which it is entitled under Section 17200, including restitution and injunctive relief."[5] But that is not what Microsoft pled. Microsoft's prayer for relief specifically seeks damages on Microsoft's Fourth Counterclaim – the alleged Section 17200 violation.[6] Rather than conceding it made a mistake or seeking to amend its prayer for relief, Microsoft tries to run away from its own pleading.

Sun's motion to dismiss Microsoft's Fourth Counterclaim and strike a portion of Microsoft's damages demand should therefore be granted.

---

[4] *Id*. at 7.

[5] *Id*. at 8.

[6] Microsoft Corporation's Answer to First Amended Complaint and Counterclaims Against Sun Microsystems, Inc. ("Microsoft Counterclaim") ¶ 35.

2

II. **SUN'S MOTION TO DISMISS MICROSOFT'S FOURTH COUNTERCLAIM SHOULD BE GRANTED BECAUSE MICROSOFT HAS FAILED TO ADEQUATELY PLEAD A CLAIM UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200.**

Microsoft concedes that it has not stated a claim under two of the four prongs of Section 17200 – "fraudulent" business acts or "unfair, deceptive, untrue or misleading" advertising.[7] Instead, Microsoft argues that it has adequately pled a claim under both the "unfair" and "unlawful" prongs of Section 17200.[8] Both arguments, however, fail as a matter of law, even if Microsoft's factual allegations are assumed to be true.

    A. **MICROSOFT'S COUNTERCLAIM DOES NOT SATISFY THE "UNFAIR" PRONG OF SECTION 17200.**

Microsoft's argument that it has stated a claim under the "unfair" business act prong of Section 17200 rests on a single, faulty premise – that the test articulated by the California Supreme Court in *Cel-Tech* is not applicable. According to Microsoft, *Cel-Tech* only applies to unfair competition claims brought by competitors alleging "anticompetitive acts."[9] If a competitor challenges a rival's business act as "unfair" under Section 17200, but does not allege that the act was anticompetitive, Microsoft contends the more liberal and amorphous standards followed by the California Courts of Appeals before the *Cel-Tech* decision should continue to control.[10]

Microsoft's argument fundamentally misconstrues the holding in *Cel-Tech*. In *Cel-Tech*, the California Supreme Court criticized prior definitions of the term "unfair" in Section 17200 as "too

---

[7] Microsoft Opp. at 4 n.2.

[8] *Id*. at 4.

[9] Microsoft Opp. at 7-8.

[10] *Id*.

3

amorphous and provid[ing] too little guidance to courts and business,"[11] including the definition set forth by the California Court of Appeal in *State Farm Fire & Cas. Co. v. Superior Court*[12] – a decision upon which Microsoft relies in its opposition.[13] In response, the California Supreme Court defined the term "unfair" in the context of a Section 17200 claim brought by a direct competitor as follows:

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" business act or practice invokes section 17200, **the word "unfair" in that section means** conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."[14]

The holding is clear. If a direct competitor wishes to state a claim under the "unfair" prong of Section 17200, it must satisfy the test set forth in *Cel-Tech*. All of the decisions after *Cel-Tech* involving direct competitors are in accord, including *Sun I*.[15]

Here, Microsoft has alleged that "Microsoft and Sun are competitors in the development and marketing of operating systems and software development tools."[16] Microsoft has further alleged that Sun acted with "intent to cause competitive injury."[17] To state a claim under the "unfair" prong of Section 17200, Microsoft therefore must have alleged facts sufficient to meet the standard set forth in *Cel-Tech*. It has not. In fact, Microsoft concedes its Section 17200 claim "is not predicated on an

---

[11] *Cel-Tech*, 20 Cal. 4th at 185.

[12] 45 Cal. App. 4th 1093 (1996).

[13] Microsoft Opp. at 5. In its brief, Microsoft mischaracterizes *State Farm* as a decision of the California Supreme Court.

[14] *Cel-Tech*, 20 Cal. 4th at 187 (emphasis added).

[15] *See, e.g., Sun Microsystems, Inc. v. Microsoft Corp.*, 87 F. Supp. 2d 992, 999-1000 (N.D. Cal. 2000); *see also Watson Labs., Inc. v. Rhone Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1117 (C.D. Cal. 2001); *Townsend v. Rockwell Int'l Corp.*, 2000 WL 433505, *14-15 (N.D. Cal 2000).

[16] Microsoft Counterclaim ¶ 31.

[17] *Id.*, ¶ 33.

'incipient violation of an antitrust law' or similar anticompetitive practices."[18]  Accordingly, it has failed to adequately plead a claim under the "unfair" prong of Section 17200.

In an attempt to avoid the requirements of *Cel-Tech*, Microsoft cites a footnote in *Cel-Tech* which specified the limits of the court's holding as follows:

> This case involves an action by a competitor alleging anticompetitive practices.  Our discussion and this test are limited to that context.  ***Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising.***"[19]

The court merely clarified that its definition of the term "unfair" in the context of a Section 17200 claim by a competitor did not necessarily apply to unfair competition claims brought by consumers or unfair competition claims brought by competitors under the other prongs of Section 17200.[20]  It did not, as Microsoft contends, create a broad loophole under which competitors could challenge any business acts as "unfair," so long as it did not allege those acts were anticompetitive.

None of the cases cited by Microsoft support its contention that *Cel-Tech* is inapplicable.  The cited cases either were decided before *Cel-Tech*,[21] involve claims brought by consumers or other non-competitors,[22] or actually applied the *Cel-Tech* test.[23]  For example, Microsoft cites *Gregory v. Albertson's, Inc.* to support its claim that *Cel-Tech* is not controlling and that the "unfair" business

---

[18] Microsoft Opp. at 7.

[19] *Cel-Tech,* 20 Cal. 4th at 187 n.12 (emphasis added).

[20] *See Sun I*, 87 F. Supp. 2d at 999.

[21] *See Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432 (1988); *State Farm Fire & Cas. Co. v. Superior Court,* 45 Cal. App. 4th 1093 (1996).

[22] *See Schnall v. Hertz Corp.,* 78 Cal. App. 4th 1144 (2000) (consumer case); *Gregory v. Albertson's, Inc.,* 104 Cal. App. 4th 845 (2002) (land use dispute brought by private citizen against landlord and tenant).

[23] *Watson Labs.,* 178 F. Supp. 2d at 1118.

practice inquiry "continues to be guided by prior Court of Appeal decisions."[24] However, *Gregory* did not involve a claim brought by a competitor. Moreover, in a portion of the opinion not quoted by Microsoft, the *Gregory* court warned, "*Cel-Tech* may signal a narrower interpretation of the prohibition of unfair acts or practices ***in all unfair competition*** actions and provides reason for caution in relying on the broad language in earlier decisions that the court found to be amorphous."[25] In fact, the *Gregory* court dismissed the plaintiff's unfair competition claim for failure to state a claim based in part on the principles articulated in *Cel-Tech*.[26]

Even if *Cel-Tech* were not applicable, Microsoft has failed to cite any case holding that a breach of contract or a breach of the covenant of good faith and fair dealing, by itself, is sufficient to state a claim under the "unfair" prong of Section 17200. A breach of contract or breach of the covenant of good faith and fair dealing may "form the predicate for Section 17200 claims, ***provided*** it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'"[27] Microsoft, however, has not alleged facts sufficient to support such a claim.

### B. MICROSOFT'S COUNTERCLAIM DOES NOT SATISFY THE "UNLAWFUL" PRONG OF SECTION 17200.

Microsoft also contends it has adequately pled a claim under the "unlawful" prong of Section 17200. Microsoft, however, has not asserted that Sun has violated any statute or regulation. Instead, Microsoft's "unlawful" business act claim depends entirely on Microsoft's allegations of breach of contract and breach of the covenant of good faith and fair dealing by Sun.[28] Microsoft argues that a

---

[24] Microsoft Opp. at 8 (quoting *Gregory*, 104 Cal. App. 4th at 853-54).

[25] *Gregory*, 104 Cal. App. 4th at 854 (emphasis added).

[26] *See id.* at 856-57.

[27] *Watson Labs.*, 178 F. Supp. 2d at 1117 n.12 (emphasis added).

[28] Microsoft Opp. at 6.

6

"violation" of court-made law – the common law – provides a sufficient basis to state a claim under the "unlawful" prong of Section 17200.[29]

Microsoft cites no authority, and Sun has uncovered no authority, for the novel proposition that breaches of contract or breaches of the covenant of good faith and fair dealing, by themselves, are "unlawful" business acts under Section 17200. More broadly, Microsoft has not cited, and Sun has not found, any case holding that a common-law claim like breach of contract or negligence, by itself, was sufficient to constitute an "unlawful" business act. To the contrary, the case law indicates that allegations of common-law claims are insufficient without more.[30] Even when plaintiffs have alleged fraudulent and unlawful activities relating to contracts, courts have cautioned against unfair competition claims based on such activities unless consumers were harmed.[31]

Microsoft's argument leads to the absurd result that every breach of contract and every breach of the covenant of good faith and fair dealing would also be a violation of Section 17200. This interpretation would directly conflict with the California Supreme Court's recent pronouncement in *Korea Supply Co. v. Lockheed Martin Corp.*[32] that Section 17200 is "not an all-purpose substitute for a tort or contract action." It also would drastically alter the available remedies for a breach of contract.

---

[29] *Id*.

[30] *See Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 (1997) (affirming summary judgment against plaintiff's Section 17200 claim because while common-law claims for strict liability or breach of the implied warranty of fitness impose civil liability upon proof of their elements, they "do not, by themselves, describe acts or practices that are illegal or otherwise forbidden by law" and are thus are "beyond the scope and the policy of the 'unlawful' prong of section 17200"); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) (holding that plaintiff stated a cause of action for breach of contract but did not sufficiently allege a claim under Section 17200); *Watson Labs.*, 178 F. Supp. 2d at 1117 n.12.

[31] *Rosenbluth Int'l, Inc. v. Superior Court*, 101 Cal. App. 4th 1073, 1077 (2002) ("a UCL action based on contract is not appropriate where the public in general is not harmed by the defendant's alleged unlawful practices").

[32] 29 Cal. 4th 1134, 1150 (2003).

For example, while injunctive relief is generally unavailable to enjoin a breach of contract,[33] it is generally available to enjoin "unlawful" business acts in violation of Section 17200.[34] If, as Microsoft contends, all breaches of contract or breaches of the covenant of good faith and fair dealing were "unlawful" acts under Section 17200, one would expect that there would be many cases discussing this noteworthy development in the law. But again, Microsoft cites no authority supporting its construction. Simply alleging that Sun has breached a contract or the covenant of good faith and fair dealing is not enough, by itself, to constitute an "unlawful" act under Section 17200.

### III.    SUN'S MOTION TO STRIKE SHOULD BE GRANTED BECAUSE MICROSOFT HAS IMPROPERLY SOUGHT TO RECOVER MONETARY DAMAGES FOR ITS SECTION 17200 CLAIM.

Microsoft concedes monetary damages are not available for an unfair competition claim under Section 17200.[35] But Microsoft claims it "is not seeking monetary damages under Section 17200" and instead is only seeking equitable relief, citing paragraph 38 of its Counterclaim which requests "such other relief as the Court deems appropriate."[36] Microsoft, however, fails to acknowledge or explain that its Counterclaim specifically requests "damages on Microsoft's First, Third, *and Fourth* [Section 17200] Counterclaims in an amount to be proved at trial."[37] Because there is no legal basis for such a damages request, the reference to the Fourth Counterclaim in paragraph 35 of the Counterclaim should be stricken.[38]

---

[33] *See* Cal. Civ. Code § 3423(e); *Adams v. Williams Resorts, Inc.,* 210 Cal. App. 2d 456, 463 (1962).

[34] *See* Cal. Bus. & Prof. Code § 17203.

[35] Microsoft Opp. at 8.

[36] *Id.*

[37] Microsoft Counterclaim ¶ 35.

[38] Microsoft claims "Sun included a similar request for damages in its own complaint." Microsoft Opp. at 2. Sun did not specifically pray for damages based on its Section 17200 claim. *See* Sun's First

8

IV. CONCLUSION

Because Microsoft has failed to state a claim under Section 17200 and has not shown it could amend its Counterclaim to adequately state a claim, Microsoft's Fourth Counterclaim should be dismissed with prejudice. Because Microsoft has improperly sought monetary damages for its Fourth Counterclaim, the reference to the Fourth Counterclaim in paragraph 35 of Microsoft's Counterclaim should also be stricken.

Dated: May 9, 2003

/s/ Robert M. Galvin
Robert M. Galvin

DAY CASEBEER
MADRID & BATCHELDER LLP
Lloyd R. Day, Jr.
James R. Batchelder
Robert M. Galvin
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA  95014
(408) 873-0110

TYDINGS & ROSENBERG LLP
Thomas M. Wilson, Federal Bar No. 02560
John B. Isbister, Federal Bar No. 00639
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

*Attorneys for Plaintiff
Sun Microsystems, Inc.*

---

Amended Complaint, ¶ 358. Sun's allegation that it had been damaged in an amount exceeding $75,000 was only made to support diversity jurisdiction. *Id.*, ¶ 342. Sun has never contended it was entitled to monetary damages based on its Section 17200 claim.