IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION | * * * * | MDL 1332 |
| "Competitor Track" | * * |  |
| This Document Relates To: | * * |  |
| *Sun Microsystems, Inc. v. Microsoft Corp.* | * * * | Civil No. JFM-02-2739 |

*****

OPINION

Sun Microsystems, Inc. has moved to dismiss Microsoft Corporation's fourth counterclaim alleging violations of California Business and Professions Code § 17200 *et seq.* ("Unfair Competition Law" or "UCL").  The motion will be granted.

I.

Microsoft has filed four counterclaims.  (Countercl. ¶¶ 1-38.)  The first counterclaim alleges that Sun breached a January 23, 2001 settlement agreement resolving previous litigation between the parties.  (*Id.* ¶¶ 18-22.)  The second and third counterclaims are, respectively, a request for a declaratory judgment regarding the parties' rights and obligations under the settlement agreement and a claim that Sun breached an implied covenant of good faith and fair dealing.  (*Id.* ¶¶ 23-29.)  In its fourth counterclaim, Microsoft asserts that Microsoft and Sun are competitors and that Sun's actions with respect to the settlement agreement "constitute unfair competition in violation of California's Business and Professions Code § 17200 *et seq.*"  (*Id.* ¶¶ 31-32.)

II.

A.

The UCL creates a private right of action against an entity engaging in business acts or practices that are "unlawful, unfair, or fraudulent."[1]  Cal. Bus. & Prof. Code § 17200.  In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 544 (Cal. 1999), the California Supreme Court defined the term "unfair" as follows:

> [T]he word "unfair" in . . . [section 17200] means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

While Microsoft's counterclaim asserts that Sun had "an intent to cause competitive injury to Microsoft and to aid Microsoft's competitors" (Countercl. ¶ 33),  Microsoft has eschewed any connection between its counterclaim allegations and violation of the antitrust laws: "Microsoft's Section 17200 claim against Sun arises from Sun's breach of contract and breach of the covenant of fair dealing, not antitrust violations."  (Microsoft's Opp'n at 4.)  Likewise, although Microsoft has alleged harm to itself, it has not alleged harm to competition.  (*See* Countercl. ¶ 33.)  In *Cel-Tech*, the court distinguished between the two, expressly stating that "injury to a competitor is not equivalent to injury to competition."  973 P.2d at 544.  *Cf. Rosenbluth Int'l, Inc. v. Superior Court*, 124 Cal. Rptr. 2d 844, 847 (Cal. Ct. App. 2002) ("[A] UCL action based on a contract is not appropriate where the public in general is not harmed by the defendant's alleged unlawful practices.").

---

[1] The UCL also creates a cause of action against a company engaging in "unfair, deceptive, untrue or misleading advertising[,]" but that provision is not at issue here.  *See* Cal. Bus. & Prof. Code § 17200.

Microsoft admits that its allegations are insufficient to meet *Cel-Tech's* definition of "unfair." However, Microsoft argues that *Cel-Tech* defined "unfair" only in the context where the sole basis for a plaintiff's claim is an allegation of anticompetitive practices, not where the plaintiff alleges another wrongful act (in this case, a breach of contract) that has incidental anticompetitive effects. In support of this argument, Microsoft relies upon a footnote in *Cel-Tech* in which the court described the limits of its holding:

> This case involves an action by a competitor alleging anticompetitive practices. Our discussion and this test are limited to that context. Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as "fraudulent" or "unlawful" business practices or "unfair, deceptive, untrue or misleading advertising."

*Cel-Tech*, 973 P.2d at 544 n.12.

Microsoft's argument is not persuasive. Nothing in this footnote indicates "unfair" as used in section 17200 means anything other than the definition given to it by the *Cel-Tech* court as quoted above. All that the footnote reflects is that the court was defining only the term "unfair," not the additional statutory terms "fraudulent" and "unlawful." Therefore, Microsoft has not alleged a viable claim under the "unfair" prong of the UCL.

B.

Microsoft goes on to argue that Sun's alleged breach of contract and breach of the covenant of good faith and fair dealing are "unlawful" under the UCL because the alleged breaches violate the common law of California. Microsoft finds support for this far reaching contention in a snippet of language that can be traced to a California Court of Appeals case. *See Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994) ("The 'unlawful' practices prohibited by section

17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or *court-made*." (emphasis added)).  Microsoft is unable, however, to cite a single case where this bit of language referring to "court-made" laws has been applied to create a cause of action under the "unlawful" prong of the UCL.  In fact, the California courts have explicitly and implicitly rejected this interpretation of the term "unlawful."  *See Kenneth Klein v. Earth Elements, Inc.*, 69 Cal. Rptr. 2d 623, 625 (Cal. Ct. App. 1997) (rejecting plaintiff's theory that strict products liability and breach of the implied warranty of fitness will support an independent action under the "unlawful" prong of § 17200); *Isaiah Khoury v. Maly's of California, Inc.*, 17 Cal. Rptr. 2d 708, 710-712 (Cal. Ct. App. 1993) (allowing plaintiff's breach of contract claim to proceed while rejecting a UCL claim).

While a broad reading of the term "unlawful" in the UCL is generally encouraged by California courts, *see People v. McKale*, 602 P.2d 731, 733-34 (Cal. 1979), the interpretation advocated by Microsoft in this instance is unreasonable.  Reading the term "unlawful" in the UCL to include any breach of contract under the common law would give every plaintiff alleging breach of contract in a California court a corresponding cause of action for injunctive relief under the UCL.  With the exception of the passing reference to "court-made" law in *Saunders,* there is no indication that the legislature or the courts of California intended such a result.

A separate order is being entered herewith.

Date: July 21, 2003                             /s/_____
                                                J. Frederick Motz
                                                United States District Judge