IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION * | |
| * | |
| This Document relates to: *<br>*Sun Microsystems, Inc. v.* *<br>*Microsoft Corp.*, | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |
| * | |
| Civil Action No. C-02-01150 RMW (PVT)<br>(N.D. Cal.) * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. In *Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999), the Fourth Circuit recognized that it is "well settled that 'leave to amend a pleading should be denied ***only when*** the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Id.* at 242 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 409 (4th Cir. 1996)). A lack of undue "prejudice would alone ordinarily warrant granting leave to amend." *Ward Electronics, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

The Second Amended Complaint is attached as Exhibit A, and a "redline" comparing the Second Amended Complaint to the First Amended Complaint is attached as Exhibit B. The

#360446

Second Amended Complaint seeks only to remove claims (Counts Seven, Twelve, and Thirteen)[1] and allegations that Sun will not be pursuing, add a few additional factual allegations that support the claims that already have been pleaded, and correct some clerical errors.  It does not seek to add any new causes of action.

The addition of the factual allegations are obviously not futile, given that they support claims that this Court already has ruled were sufficient to survive Microsoft's motion to dismiss.  Microsoft also will not be unduly prejudiced by the Second Amended Complaint.  Trial is scheduled for January 2006.  Microsoft will have more than ample time to engage in discovery and prepare for trial in connection with the additional allegations, particularly given the economies created by removing other claims and allegations.  Accordingly, the motion for leave to amend should be granted.

/s/ John B. Isbister
Thomas M. Wilson, Federal Bar No. 02560
John B. Isbister, Fed. Bar No. 00639
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Fax: (410) 727-5460

Lloyd R. Day, Jr. (Cal. Bar. No. 90875)
James R. Batchelder (Cal. Bar. No. 136347)
Robert M. Galvin (Cal. Bar. No. 171508)
DAY CASEBEER
MADRID & BATCHELDER LLP
20300 Stevens Creek Blvd., Suite 400
Cupertino, CA 95014
(408) 873-0110

Michael A. Schlanger
Kirk R. Ruthenberg
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
(202) 408-6400

---

[1] Count Seven alleged unlawful tying of Microsoft Active Directory Software to Microsoft Windows Workgroup Server OS and PC OS; Count Twelve alleged unlawful tying of Microsoft Exchange Server Software to Microsoft Office; and Count Thirteen alleged unlawful tying of Microsoft Active Directory Software to Microsoft Exchange Server Software.

#360446

2

Eugene Crew (Cal. Bar No. 34395)
Richard L. Grossman (Cal. Bar No. 112841)
TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111-3834
(415) 576-0200

Daniel R. Harris
CLIFFORD CHANCE LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 858-4300